## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

PHILLIP MICHAEL JOHNSON, #412210      *

      Petitioner                  *

             v                  *         Civil Action No. DKC-14-1666

FRANK B. BISHOP, JR.,             *
THE ATTORNEY GENERAL OF
  MARYLAND,                 *

      Respondents          *
                               ***

### MEMORANDUM OPINION

Respondents request dismissal of Phillip Michael Johnson's petition for writ of habeas corpus under 28 U.S.C. § 2254 for lack of exhaustion. (ECF No. 4). Johnson has filed a reply in opposition. (ECF No. 6). After considering the pleadings, exhibits, and applicable law, the court finds a hearing unnecessary. *See* Local Rule 105.6 (D.Md. 2014); Rule 8, "Rules Governing Section 2254 Proceedings in the United States District Courts"; *see also Fisher v. Lee,* 215 F.3d 438, 454-55 (4th Cir. 2000) (stating there is no entitlement to a hearing under 28 U.S.C. § 2254(e)(2) except in limited cases not applicable here).

### BACKGROUND

On September 1, 2012, a jury sitting in the Circuit Court for Baltimore City, Maryland, found Johnson guilty of attempted first-degree murder, conspiracy to commit first-degree murder, conspiracy to commit first-degree assault, two counts of wearing/carrying a handgun, use of a handgun in a crime of violence, reckless endangerment, and possession of a firearm by a prohibited person. On March 18, 2013, he was sentenced to life imprisonment for attempted first-degree murder and twenty years of incarceration for the use of a handgun conviction, the

first five years without parole, and consecutive to the life sentence.  The remaining counts were merged.  (ECF No. 4-2).

Johnson did not file a direct appeal in the Court of Special Appeals, and his sentence became final on April 17, 2013, *See* Md. Code Ann., Cts. & Jud. Proc. Art., §§ 12-301 and 12-302 (2013 Repl. Vol.) (right of appeal from final judgment); Md. Rules 8-201 and 8-202 (notice of appeal shall be filed within 30 days of entry of judgment).

On December 6, 2013, Johnson, proceeding *pro se,* filed a petition for post-conviction relief in the Circuit Court for Baltimore City.  On January 21, 2014, he filed a motion to withdraw the petition for post-conviction relief.  On February 3, 2014, the Circuit Court for Baltimore City granted Johnson's counseled motion to withdraw the petition for post-conviction relief without prejudice.

With his opposition reply, Johnson filed a copy of a letter written by his trial counsel acknowledging his failure to file a timely notice of appeal on Johnson's behalf and urging him to file a petition for post-conviction relief.  (ECF No. 6-2, pp. 2-4).  According to Johnson, the assistant public defender subsequently appointed to represent him in post-conviction proceedings "insisted" that he authorize her to withdraw his pro se petition so that his file could be reviewed. (ECF No. 6, p. 4).  Johnson complied, and on February 3, 2014, the Circuit Court granted a counseled motion to withdraw the petition without prejudice. (ECF No. 6-2, p. 25).  Johnson states his post-conviction counsel has indicated that case review is continuing and no post-conviction petition has been filed to date.[1]  (ECF No. 6-2, pp. 20, 23, 24, 27).

---

[1]      Reference to the Maryland Judiciary website shows no post-conviction petition has been filed to date. *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=111136042&loc=69&detailLoc=DSK8.

On May 15, 2014, Johnson filed this § 2254 petition, advancing the following claims: (1) counsel was ineffective for failing to file a notice of appeal; (2) counsel was ineffective for failing to file any motions; (3) the prosecutor withheld evidence that could help prove his innocence; (4) Johnson did not receive a fair trial because the trial court allowed the State to use his prior convictions; and (5) he did not receive a speedy trial. (ECF No. 1, pp. 5-6, 8).

## DISCUSSION

For purposes of the one-year statute of limitations, Johnson's judgment of conviction became final on April 17, 2013. He had one year from that date to file a timely federal habeas corpus petition. Between April 17, 2013 and December 6, 2013, a period of 233 days expired where there were no tolling proceedings pending in state court. His *pro se* post-conviction proceeding tolled the limitation period of Section 2244(d) for 60 days, from December 6, 2013 (when Johnson filed for post-conviction relief) through February 3, 2014 (when his motion to withdraw the petition for post-conviction relief was granted without prejudice). Between February 3, 2014 and May 15, 2014 (when Johnson filed his § 2254 petition), a period of 101 days expired where there were no proceedings pending in state court that would have tolled the limitations period. These periods combined, 334 days in all, render Johnson's § 2254 petition timely filed within thirty-one days of the expiration of the limitations period.

Pursuant to the exhaustion requirement codified in Section 2254(b) and (c),[2] and absent a valid excuse, a state prisoner seeking federal habeas corpus relief must first present each of his

---

[2]    28 U.S.C. § 2254 (1996) states as follows in subsections (b) and (c):

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or

claims to the state courts having jurisdiction to consider them, *Gray v. Netherland*, 518 U.S. 152, 161-65 (1996); *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).  For a state prisoner to satisfy the exhaustion requirement, he must fairly present both the same legal claims and the same supporting facts to each of the appropriate state courts.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Gray,* 518 U.S. at 162-63.

Under Maryland law, Johnson was entitled to direct review of his convictions by the Court of Special Appeals of Maryland as a matter of right and to further review by the Court of Appeals of Maryland in that court's discretion.  *See* Md. Code Ann., Cts. & Jud. Proc. Art., §§ 12-201, 12-202, 12-203, 12-301, 12-302, 12-307, & 12-308 (2013 Repl. Vol.).  Under Maryland law, Johnson may also collaterally attack his convictions pursuant to the provisions of Maryland's Uniform Post Conviction Procedure Act.  See Md. Code Ann., Crim. Proc. Art., §§ 7-101 et seq. (2008).  Claims of ineffective assistance of counsel are, except in rare circumstances not applicable in Johnson's case, appropriately litigated in post-conviction proceedings pursuant to Maryland's Uniform Post Conviction Procedure Act, Md. Code Ann.,

---

      (B)(i) there is an absence of available State corrective process; or

      (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law.

Crim. Proc. Art., §§ 7-101 - 7-301 (2008). *See Mosley v. State*, 378 Md. 548, 560, 836 A.2d 678 (2003).

As Johnson has not pursued state post-conviction remedies in the Circuit Court for Baltimore City to completion, he has yet to exhaust his claims. As Respondents note, depending on the resolution of any claims for ineffective assistance of counsel or other claims in post-conviction proceedings, it is possible that the post-conviction court may grant Johnson the right to file a belated appeal in the Court of Special Appeals, where he may challenge the judgment of conviction and possibly raise claims like those raised here regarding trial court error, etc.[3] (ECF No. 4, p. 10).

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the court declines to issue a certificate of appealability because Johnson has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), "a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"); *Slack v.*

---

[3] Johnson's concerns that his petition will be filed outside the one-year limitations period if the instant petition is dismissed without prejudice for lack of exhaustion are well-founded as the instant petition was filed just thirty-one days before the limitations period expired. *See supra*, p. 3. A petitioner may seek review of an untimely § 2254 petition under the doctrine of equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). For equitable tolling to apply, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Additionally, it is possible that after post-conviction proceedings, the state court will grant Johnson a belated right of direct appeal, which will reset the date on which the conviction became final for the purpose of running the one-year limitations period, *see Jiminez v. Quarterman*, 555 U.S. 113, 120-21 (2009); *Frasch v. Peguese*, 414 F. 3d. 518, 520-25 (4th Cir. 2005) (habeas petition is timely if filed within one year of completion of belated direct review process awarded to a petitioner in state post-conviction proceedings); *Chisum v. Shearin*, 2012 WL3542442 (D. Md. 2012), and he may wish to file another § 2254 petition. Should this be the case, Petitioner is cautioned to be mindful that the one-year limitations period will apply to the date on which his conviction became final after the conclusion of the belated direct appeal. Petitioner will be sent a § 2254 forms and information packet to assist him should he wish to file for federal habeas relief after exhaustion.

*McDaniel*, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**CONCLUSION**

For these reasons, the petition will be dismissed without prejudice as unexhausted and a certificate of appealability will be denied by separate order to follow.


  October 28, 2014                                        _____/s/_____
Date                                                                 DEBORAH K. CHASANOW
                                                                          United States District Judge